## UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Konrad Korzeniowski | : | Civil No: 3:09-cv1415 SRU |
| Plaintiff, | : | |
| | : | |
| Webster Bank | : | Trial by Jury |
| Audit Systems, Inc | : | |
| Chex Systems, Inc | : | |
| | | |
| Defendant, | : | |

### AMENDED COMPLAINT

### I. INTRODUCTION

This is a suit brought by a consumer who has been harassed and abused by the defendant

collection agency. This action is for violations of the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Connecticut Unfair Trade Practices Act ("CUTPA"),

Conn. Gen. Stat. § 42-110a et seq., and for intentional infliction of emotional distress.

Violation of Fair Credit Reporting Act Sec. 611 (a), 616, and 617 of the FCRA, 15 U.S.C. §§

1681i(a), 1681n, 1681o, FCRA 15U.S.C 1692et.al, and Intentionally and willfully breach of

contract

### II. PARTIES

2. The plaintiff, Konrad Korzeniowski, is a natural person residing in, Connecticut.

3. The defendant Webster Bank is a Connecticut Chartered Bank and is licensed by

the Connecticut Department of Banking

*3696 Ulmerton Road Suite 200
Clear water Florida 33762*

4. Audit Systems, is a Florida Debt Collection agency with its principal office and place of business located within the 3696 Ulmerton road, Florida 33762

5. Check systems is a Credit reporting agency, with its principal office 601 Riverside Avenue, Jacksonville, FL 32204

### III. JURISDICTION

6. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k (d), 28 U.S.C. §§ 1331 and 1337,1345 and Fed. R. Civ. P. 18(a). Pursuant to 15 U.S.C §45(a), 53(b), and 1691l. This action arises under 15 U.S. C Sec 45(a) and 15 U.S.C Sec1692l. FCRA § 611(a), 616, and 617 of the FCRA, 15 U.S.C. §§ 1681i(a), 1681n, 1681o

7. Venue in this Court is proper, under 28 U.S.C § 1391(b) and(c) and 15 U.S.C Sec53b and 15 U.S.C Sec1692l. FCRA § 611(a), 616, and 617 of the FCRA, 15 U.S.C. §§ 1681i(a), 1681n, 1681o

### Factual Allegation

8. Konrad had a checking account with Webster Bank, which he used for personal, family, and household purposes.

9. Konrad in February 2008 has sent dispute letter to Webster Bank within 60 days period allowed by Fair Credit Billing act disputing information on his checking account statement.

10. Webster Bank has failed to investigate disputed charges on a Konrad account.

11. Webster Bank has charge off checking account and forcefully closed his saving account and assigned to Audit Systems for collection

12. The account was subsequently referred to the Audit Systems for purposes of collection, and collectors working for the Audit Systems contacted Konrad on several occasions in an attempt to collect the debt.

13. During one such call, a collector working for the Audit Systems proposed that Konrad could settle the debt by making a single payment of approximately $200.

14. Konrad wasn't  interested in accepting that proposal, instead he was willing to pay full amounted alleged owned to Webster bank

15. At the beginning of the call, employee for Audit Systems advised Konrad that the call was being recorded with Konrad didn't give permission and request a Debt Validation.

16. Konrad has faxed a Debt Validation letter and Cease Communication letter to Audit Systems

17. Audit System employee spoke to Konrad in an aggressive, hostile, demeaning, and condescending manner and tone of voice

18. Audit Systems employee harassing Konrad by intentionally and willfully recording a phone conversation with no permission from Konrad site.

19. Audit Systems employee harassing Konrad by stating if he will not pay a debt a Police Officer will come to this house and arresting him.

20. Audit System treats Konrad by issuing a Police warrant for search and arrest.

21. Audit Systems treats Konrad by telling him if he will not accept settlement amount of $200 it will be reported to his credit reporting agency Transunion, Experian and Equifax and Check Systems that he has outstanding balance alleged owned to Webster Bank.

22. Konrad has asking what is the status of the account as we was worries about his credit status, reply from Audit systems was that this account is handle by our legal department and a lawsuit was filed against him, but they may stop the lawsuit if Konrad will pay them.

23. Audit systems have threat Konrad by stating if he will not pay his obligation they will seizing property, and garnishing wages in addition to they will came to his house and arrest him and bring it to a jail.

24. Konrad has asking 1 days to gather a money and send to Audit System by Western Union and a reply was "You better prepare those money and stop popping up a kids like a popcorn" you are deadbeat, you better have those money to pay us or otherwise we will solve this in different way"

25. Konrad try to explain what happen to Webster Bank employee and make appointment with Executive assistance of Webster bank in Waterbury CT but was humiliated and escorted by Police officers of Bridgeport (see Police Affidavit)

26. Konrad has found inaccurate information on his check systems report and ask Check systems for investigation a Webster bank charge off account

27. Webster bank has fail to notify Check system that this account was paid in full "Paid charge off"

28. Konrad disputed information with check system and asking for full verification of documents relating a Webster bank charge-off

29. Check systems has sent a dispute to Webster Bank requesting prove that consumer has paid a charge off account.

30. Check system has not received respond from a bank and removed charge off account from database.

31. Webster Bank on 09/22/2009 has made credit inquire without written authorization

32. Webster Bank on 09/24/2009 has made credit inquire without written authorization

33. Webster bank on 12/22/2009 has made credit inquire without written authorization

34. Konrad has sent disputed letter relating those credit inquire from 09/22/2009,

09/24/2009, 12/22/2009 to Webster Bank and Check system asking for verification and a

permission document that allow bank to pull konrad credit report with  answer hasn't fail

by both institution. (See attached exhibit 2, 3, 4)

### Count one

### Violation of a Fair Debt Collection Practices Act

### Audit System

35. Audit Systems, in connection with the debts, represented to Plaintiff , expressly or by

implication that if he does not pay to Audit Systems, Audit System can and will take action

that will have a significant adverse effect on the consumer credit report.

36. In true and in fact, a consumer's failure to pay the Defendants cannon and will not have

a significant adverse effect on consumer credit report when the debt is disputed.

37. Therefore, Audit System representations are set forth in paragraph 35 are false  or

misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC

Act, 15 U.S.C Sec45(a)

### Count two

### Violation of a Fair Debt Collection Practices Act

### Audit System

36. Audit Systems in connection with the collection of debts, the defendants have

represented to consumer, expressly or by implication that

a. the consumer can be arrested or imprisoned for failing to pay debt alleged owned to

Webster Bank

b. The consumer have legal obligation to pay the defendants even thought a Debt validation letter was faxed and;

c. if consumer does not pay the defendants the defendant can or will take a formal legal action against the consumer, such filling suit, seizing or attaching property, or garnishing wages

37. in true and in fact;

a. the consumer cannot be arrested or imprisoned for failing to pay  to Audit Systems

b. the consumer is not legally obligated to pay the Defendant if the debt is disputed until verification is obtained; and

c. if consumer does not pay  to Audit System, Audit System cannot or will not take formal legal action against the consumer, such a filling suite, seizing or attaching property, or garnishing wages.

38. Therefore, Audit System representations are set forth in paragraph 36 are false or misleading and constitute deceptive acts or practices in violation of Section 5(a)of the FTC Act, 15 U.S.C Sec 45(a)

## Count tree

## Violation of a Fair Debt Collection Practices Act

## Audit System

39. Audit System in connection with the collection of a debts, have communicated with Plaintiff without the consumer prior consent given directly to the debt collection or the expressly permission of a court of competent jurisdiction;

a. at the time or place that Audit System knew or should have known to be inconvenient to the consumer , including but not limited to communicating with the consumer at the consumer's place of employment when the debt collector knew or should have known that is inconvenient for the consumer to receive such communication in violation of Section 805(a) (1) of the FDCPA, 15 U.AS.AC Sec 1692(a)(1);or

b. At the consumer place of employment when the Defendants knew or had reason to know that the consumer employer prohibited the consumer from receiving such communication in violation of Section 805(a)(3) of the FDCPA, 15 U.S.C Sec 1692(a)(3)

## Count fourth

## Violation of a Fair Debt Collection Practices Act

### Audit System

40. Audit Systems in connection with collection of alleged debt owed to Webster bank have communicated with third parties for purpose other than acquiring location information about a consumer, without having obtained directly the prior consent of the consumer or the express permission of a court of competent jurisdiction , and when not reasonable necessary to effectuate a post judgment judicial remedy , in violation of Section 805(b) of the FDCPA 15 U.S.C 1692c(b)

## Count Fifth

## Violation of a Fair Debt Collection Practices Act

### Audit Systems

On numerous occasion, in connection with the collection of debts, Audit Systems have communicated with consumer after the consumer has notified Audit System in writing that

the consumer request verification of a debt pursuant to FCRA 15 U.S.C 1692 and that
consumer wished the debt collector to cease communication with the consumer in
violation of Sec 805(c) the FDCPA, 15 U.S.C Sec 1692c(c)

Count Six

Audit System, in connection with the collection of the debts,  have engaged in conduct the
natural consequence of which is to harass, oppress, or abuse, a person in violation of Sec
806 of the FDCPA, 15 U.S.C Sec. 1692d, including but not limited to;

a.  Using obscene or profane language or language the natural consequence of which is
to abuse the hearer, in violation of Section 806(2) of the FDCPA, 15 U.S.C Sec
1692d(2); and

b.  Causing a telephone ring or engaging in telephone conversation repeatedly or
continuously with intent to annoy, abuse, or harass a person at the number called, in
violation of Sec 806(5) of the FDCPA 15 U.S.C Sec 1692d(5)

**Count Seven**

**Violation of a Fair Debt Collection Practices Act**

**Audit System**

41. Audit System in connection with the collection of a debt , have used false, deceptive or
misleading representation or means in violation of Sec 807 of the FDCPA, 15 U.S.C 1692e,
including but not limited to;

a. Falsely representing the character , amount, or legal status of any debt, in violation of
Sec 807(2)(a) of the FDCPA, 15 U.S.C. Sec 1692 e(2)(A);

b. falsely representing or implying that an individual is an attorney or that a communication is from an attorney in  violation of Sec 807(3) of the FDCPA , 15 U.S.C Sec 1692e (3);

c. Falsely representing or implying that nonpayment of a debt will result in the arrest imprisonment of a person or the seizure, garnishment or attachment of a person's property or wages when such action is not lawful or when the Defendant have not intention of taking such action in violation of Section 807(4) of the FDCPA, 15 U.S.C Sec 1692e(4);

d. threatening to take action that is not lawful or the Audit System do not intend to take, such a filing a lawsuit, in violation of Sec 807(5) of the FDCPA, 15 U.S.C Sec 1692e(5)

e. Threatening to communicate with any person credit information that the Audit System know or should have know to be false , in violation of Sec 807(8) of the FDCPA, 15 U.S.C Sec 1692e(8) or

f. Using false representation or deceptive means to collection or attempt to collect a debt or to obtain information concerning a consumer, in violation of Sec 807(10) of the FDCPA, 15 U.S.C Sec 1692e(10)

## Count Eight

### Violation of a Fair Debt Collection Practices Act

### Audit System

Audit System, in connection with the collection of a debt, when Plaintiff has notified Defendant in writing within thirty days period pursuant to Sec 809(a) of the FDPCA, 15 U.S.C Sec 1692 g (a)that the debt, or any portion thereof, is disputed the Defendants have continued to attempt to collect the debt before the verification of the debt was provided  to the consumer , in violation of Sec. 809(b) of the FDCPA, 15 U.S.C Sec 1692g(b)

## Count Nine

## Intentional infliction of Emotional Distress

## Webster Bank, Audit Systems, Check Systems

42. Plaintiff incorporates Paragraph 1-41

43. Webster bank, Audit Systems, Checks System knew, or reasonably should have known, that their conduct would likely cause emotional distress to Plaintiff.

44. Webster Bank, Audit Systems and Check Systems conduct did cause Plaintiff to suffer emotional distress, embarrassment, shame, stress and anxiety.

45.Webster Bank, Audit systems and Check Systems actions were willful, wanton and malicious, in that they intended to cause Plaintiff to suffer distress in order to induce Plaintiff to pay the debt in order to relieve the stress.

46. Defendants are liable to Plaintiff for his emotional distress damages plus a reasonable attorney's fee.

## Count eleven

## Fair Credit reporting Act

## Webster Bank, Checks System

47. Webster bank fail to investigate Plaintiff Dispute letter and violate Fair billing Act 15 U.S.C 1601

48. Check System intentionally and willfully violate Fair Credit Reporting act by not investigate dispute by a Plaintiff. See Richardson v. Fleet bank of Masschuset Richardson v. Fleet Bank of Massachusetts - the court held that the company failed to follow reasonable

procedures by relying on creditors for accurate credit information because the company had reason to know of the dispute between the consumer and the company. See Bryant v. TRW - the Defendant consumer reporting agency unsuccessfully argued that, under §607(B) of the FCRA, 15 U.S.C. §§1681 et seq., it was not liable as a matter of law, for reports it issued in good faith, and as a result of inaccurate information provided to it by Plaintiff's creditors. The court held that Defendant was not free from liability when the credit reports at issue was not accurate. Once inaccuracy was determined, defendant's agency procedures were determined to be not reasonable to ensure maximum possible accuracy, pursuant to §§607(B). In Bryant v. TRW, Inc., 487 F.Supp. 1234, 1242-43 (E.D.Mich.1980), the district court awarded a consumer $8,000 for anguish resulting from denials of a mortgage due to inaccurate credit reports. The Sixth Circuit affirmed. 689 F.2d 72 (6th Cir.1982). See Stevenson v. TRW Inc., 987 F.2d 288, 293 (5th Cir. 1993). - "Allowing inaccurate information back onto a credit report after deleting it because it is inaccurate is negligent." Fischl v. General Motors Acceptance Corp., 708 F.2d 143, 151 (5th Cir.1983). - Actual damages include humiliation or mental distress, even if the consumer has suffered no out-of-pocket losses. See Pinner, 805 F.2d at 1265, the consumer was awarded $25,000 for mental distress because of the humiliation and embarrassment resulting from three credit denials and from lengthy dealings with the credit bureau. The court did, however, order a remittitur from the original jury award of $100,000 mental distress damages. Another consumer received $10,000 because of humiliation and embarrassment suffered from three denials of credit and from the fact that the credit bureau took several months to correct the credit report's inaccuracies. Thompson v. San Antonio Retail Merchants Ass'n, 682 F.2d 509, 513-14 (5th Cir.1982). In Collins v. Retail

Credit Co., 410 F.Supp. 924, 936 (E.D.Mich.1976), the court awarded a consumer $21,750

for embarrassment and humiliation.  See  Morris v.  Credit Bureau of Cincinnati, Inc., 563

F.Supp.  962, 969 (S.D.Ohio 1983), the consumer was awarded $10,000 for anguish and

embarrassment even though, after he was denied credit, he explained the inaccuracies on

his credit report and subsequently obtained credit.  See In Millstone v.  O'Hanlon Reports,

Inc., 528 F.2d 829, 834-35 (8th Cir.1976), the Eighth Circuit upheld an award of $2,500 for

mental anguish after an insurer cancelled the consumer's policy because of an inaccurate

credit report.  See  Ryan v.  Trans Union Corp., Case No.  99 C 216, 2001 - "The court held

that defendants were entitled to a partial award of attorney's fees from plaintiff under the

FCRA to the extent that plaintiff filed oppositions to defendants' summary judgment

motions knowing that he no longer had a valid claim."

### Count Ten

### Connecticut Unfair Trade Practices Act
### Webster Bank, Audit Systems, Check Systems

49. Plaintiff incorporates Paragraph 1-48.

50. Webster bank, Audit Systems, Check System violated CUPTA by its debt collection
activities described above.

51. Webster Bank, Audit Systems, Check System acts as described above were unfair,
immoral, unethical, oppressive and unscrupulous  and such as such to cause substantial
injury to Plaintiff,

52. Webster Bank, Audit Systems, Check System is liable for konrad for his actual damages including lost income, and damages for emotional distress, punitive damages, and a reasonable attorney's fee

**Prayer for Relief**

WHEREFORE, the Plaintiff prays for the following relief from all defendants:

Monetary damages related to Plaintiff's emotional distress; actual damages, statutory

damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k; monetary damages

pursuant to Conn. Gen. Stat. §42-110g; punitive damages pursuant to Conn. Gen. Stat. § 42-

110g; attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g, and such other relief

as this Court deems appropriate. Statutory damages, punitive damages to be determined by

the Jury

                                        Respectfully Submitted

                                        Konrad Korzeniowski
                                        51 Rackliffe Drive
                                        New Britain CT 06051
                                        Phone 860-595-9436
                                        Fax 866-796-3839
                                                        PLAINTIFF,

March 16, 2008 through April 15, 2008



KONRAD KORZENIOWSKI



**Detailed Account Activity**

## CUSTOMER SERVICE INFORMATION

CHECKING/SAVINGS/MONEY MARKET:
For information concerning your checking,
savings or money market accounts, please call
1-800-325-2424.

Check your account transactions anytime, anywhere
at WebsterOnline.

### Important Message

### TOTALLY FREE CHECKING

Account Number:

**Summary**

| | |
|---|---|
| Beginning Balance | $ -356.85 |
| Deposits | 391.85 |
| Withdrawals | - 35.00 |
| **Ending Balance** | **$ 0.00** |

| Date | Description | Deposits | Withdrawals | Balance |
|---|---|---|---|---|
| **Transactions** | | | | |
| | Beginning Balance as of 03/16 | | | $ -356.85 |
| 03/21 | FEE-INSUFF AVAIL FUNDS RETURNED ACH | | - 35.00 | -391.85 |
| | DSS EXC032008 | | | |
| | FEE FOR ELECTRONIC ITEM | | | |
| | 000000000000399 | | | |
| | PAYPAL INST XFER | | | |
| 03/25 | CHARGE-OFF CREDIT | 391.85 | | 0.00 |
| | 00000000000000 | | | |
| | **Totals** | **$ 391.85** | **-$ 35.00** | |

| | | |
|---|---|---|
| **Ending Balance as of 04/15** | | **$ 0.00** |

Page 1 of 2

| Code | Department Class |
|---|---|
| 70   70 | All Othr Non-Crim./Officer Inf (70) |

| REPORTED (Date and time) | FROM (Date and time) | TO (Date and time) | Supplemental? |
|---|---|---|---|
| 10/29/2009 3:54:00 PM | 10/29/2009 2:53:00 PM | 10/29/2009 4:10:00 PM | No |

| Clearance code |
|---|
| Closed |

## NIBRS Incident Type(s)

| Seq | Incident Type | | Attempted | Conspiracy |
|---|---|---|---|---|
| 1 | All Othr Non-Crim./Officer Inf (70) | | | |

## Incident Location

| Street Address | | Apt # | Floor | Suffix | Occupancy |
|---|---|---|---|---|---|
| 145 BANK | | | | ST | |

| City | State | Zip | Country |
|---|---|---|---|
| Waterbury | CT | 06702 | United States |

| Common Name | Address Type |
|---|---|
| WEBSTER BANK | Bank/Savings/Financial Inst. |

## Involved Persons (non suspect)

### COMPLAINANT//

| Name (Last, Suffix, Title, First, Middle) | | DOB | Sex | Race |
|---|---|---|---|---|
| MARTIN,  LISA | | 6/25/1964 | | |

| Ethnicity | Height | Weight | Place of Birth |
|---|---|---|---|
| | | | |

| Phone Number | Type |
|---|---|
| 2035782489 | |

| ID |
|---|
| Operator Lic. #: |

### INTERVIEWED//

| Name (Last, Suffix, Title, First, Middle) | | DOB | Sex | Race |
|---|---|---|---|---|
| KORZENIOWSKI,  KONRAD | | | | |

| Ethnicity | Height | Weight | Place of Birth |
|---|---|---|---|
| | | | |

| Street Address | Intersecting Street |
|---|---|
| | |

| City | State | Zip | Country |
|---|---|---|---|
| | | | |

| Common Name | Address Type |
|---|---|
| | |

| Residency |
|---|
| Nonresident |

| ID |
|---|
| Operator Lic. #: |

## Suspect Information

| No Suspects | |
|---|---|

## Offense Details

| Sequence | Offense |
|---|---|
| 1 | All Othr Non-Crim./Officer Inf (70) |

**No additional offense detail available**

## Signatures

| Investigating Officer | ID Number | Unit |
|---|---|---|
| Ptlm. Rivera, Andres | RIVER725 | B1B |

Investigating Officer Signature

*Andrew Rivera 725*

Subscribed and sworn to before me Silverio, D.  this 29th of October, 2009

Silverio, D.
Supervisor Signature

*D.J. Silverio #607*

Autoprinter V.5 5 16

**Narrative**

On 10/29/09 at 1518 hrs, this officer was dispatched to 145 Bank St on a police information complaint.

Upon arrival I spoke to Webster Bank Manager Lisa Martin (06-25-64) who stated that a gentleman had argued with the bank staff over the phone. Lisa stated that the gentleman told her that he was coming to Waterbury and that someone better understand him. Lisa stated that she spoke to Webster Bank president and explained to him what the situation was. Lisa stated that the president of Webster Bank told her that when the male arrived to call police so that he maybe escorted out of the building. Lisa stated that Konrad Korzeniowski (⬛⬛⬛⬛⬛) was being rude over the phone and could barely be understood because of his accent. Lisa also stated that Konrad has been contacting bank staff and harassing them all day.

I spoke to Konrad who stated that he had a prior Webster Bank account and that it was closed in 2008 because Webster Bank said it was a fraudulent account. Konrad stated that all he wanted was to reopen his account. Konrad stated that he did get into a discussion over the phone with Webster Bank staff but that he did not mean to cause any alarm. Konrad was advised that Webster Bank did not want to do business with him and that he should leave the property. Konrad stated that if they would have let him explain what he wanted that all of this could have been avoided. Konrad stated that he would leave but that he was going to contact a lawyer. There was a language barrier which may have resulted in Webster Bank management and Konrad to not understand each other. Konrad was advised that this was a civil matter.

Lisa and Konrad were both advised that a report would be filed at HQ.

**Signatures**

| Investigating Officer | ID Number | Unit | Subscribed and sworn to before me  Silverio, D.   this 29th of October, 2009 |
|---|---|---|---|
| Ptlm. Rivera, Andres | RIVER725 | B1B | Silverio, D. |
| Investigating Officer Signature | | | Supervisor Signature |
| _Andres Rivera_ 725 | | | _D.J. Silverio_ #607 |

Autoprinter V.5.5.16
Printed 10/29/2009 7:04:31 PM  Page 2

 **Webster**Bank

Webster Bank, N.A.
P.O. Box 10305
Waterbury, CT 06726
**WebsterOnline.com**

October 2, 2009

Konrad Korzeniowski



**RE:**

Dear Mr. Korzeniowski:

I am writing in response to our conversation on October 1, 2009 concerning the above referenced account.

I am enclosing a copy of the letter dated January 29, 2009 that was sent in response to your Electronic Funds Transfer claim dated January 28, 2009. The claim was denied for the reasons stated in this letter.

Our records indicate that we did not receive any notification from you that this position was disputed. In our conversation yesterday, you indicated that you sent a dispute to our corporate headquarters in February, 2008. Had we been in receipt, an investigation would have been initiated and you would have been notified. As we discussed, you will provide a copy of the letter you sent in February of 2008.

Wit respect to the specific claims in your dispute as you described it to me in our conversation, at the time an account is established all customers are given Webster Bank's Deposit Account Disclosures and Fee Schedule Brochures. These documents fully explain Webster Bank terms and conditions of our accounts. It states under the heading: **Opening your Account: "By signing the signature card, depositing funds, and/or having any interest in an account, you agree to be bound by the provisions of this Agreement."** It is a customer's responsibility to maintain accurate records of their account activity. This includes reviewing all statements and correspondence sent regarding your account. In addition, you can access your account information online at websteronline.com, use our automated telephone system, 24 hours a day, 7 days a week by dialing 1-800-325-2424 and following the voice prompts, or our Customer Care Center has agents available from 8:00 am to 8:00 pm Monday through Friday, and from 9:00am to 12:00pm on Saturday.

Several notices reflecting the negative balance of your account were sent to you, and additionally, your February 2008 and March 2008 statements indicated the negative

status of your account. When Webster Bank did not receive any response or deposit the account was force closed owing $391.85 on March 25, 2008

We received a payment in the amount of $385.85 on April 7, 2008, and the additional $3.00 owed was paid on January 28, 2009. ChexSystems records have been adjusted to reflect the amount due to Webster Bank as paid in full.

With regards to your request to open a new account at Webster Bank, we reserve the right to not do so per our Deposit Account Disclosures for Consumer Accounts. I have enclosed a copy for your reference. Please refer to page 7 under the heading of **"Right to Refuse Any Deposit, to Close Any Account, or to Terminate Account Services."**

Please let me know if I can be of further assistance in this regard..

Sincerely,

Judy Brown

Judy Brown
Customer Relations Specialist
Office of the President

January 29, 2009

Konrad Korzeniowski

Dear Mr. Korzeniowski,

This letter is to acknowledge the completion of your Electronic Funds Transfer claim. I regret to notify you that no adjustment will be made to your account. Our records indicate that you have used this merchant before and have had the same dollar amount taken out of your account. Please be advised, since this transaction happened on February 07, 2008, we have no recourse with Visa to dispute this charge. This matter is strictly between you and the merchant.

Should you have any questions, please contact our Customer Service Center at 1-800-325-2424, extension 45794. Please have the following information available so your inquiry can be processed quickly:

        Reference number:      090101089

Sincerely,

Richard Dilg
Electronic Operations

**ChexSystems**

B1035355

January 5, 2010

1087

KONRAD KORZENIOWSKI
51 RACKLIFFE DRIVE
NEW BRITAIN, CT 06051

ChexSystems will reinvestigate any item listed in your consumer report that you believe may be inaccurate or incomplete. In order for a reinvestigation to be initiated, please complete the enclosed form and mail it to the address listed above in our letterhead or by fax to 602-659-2197.

**This report was prepared for KONRAD KORZENIOWSKI**

| Consumer ID: |
| --- |
| for KONRAD KORZENIOWSKI |

Please provide your Consumer ID number, along with your Social Security number, in any future contact with ChexSystems.

**Reported Information**

Reported Information refers to reports of accounts that have been mishandled, reported for cause, and/or outstanding debts. Reported Information is submitted directly to ChexSystems by members of our service which consists mainly of financial institutions. Our current practice is to retain this information for a period of five years.

No Information Found

**Inquiries Initiated By Consumer Action**

Inquiries Initiated By Consumer Action refers to inquiries resulting from a transaction initiated by you. These include applying for a credit card or completing an application at a financial institution. Please note that the inquiries are part of your credit history and may be included in our reports to others. These inquiries can be viewed for ninety days up to three years.

Inquirer : WEBSTER BANK
    CITY PLACE II, 185 ASYLUM STREET
    HARTFORD, CT 06103
    Telephone Number Not Available
Inquiry Date : 9/22/2009
Name Provided : KONRAD KORZENIOWSKI
SSN/ID Provided : XXX-XX-

Inquirer : WEBSTER BANK
    CITY PLACE II, 185 ASYLUM STREET
    HARTFORD, CT 06103
    Telephone Number Not Available
Inquiry Date : 9/24/2009
Name Provided : KONRAD KORZENIOWSKI
SSN/ID Provided : XXX-XX-

Inquirer : WEBSTER BANK
    CITY PLACE II, 185 ASYLUM STREET
    HARTFORD, CT 06103
    Telephone Number Not Available
Inquiry Date : 12/22/2009



Reply ID: 11035355-7

 **Webster**Bank

Webster Bank, N.A.
436 Slater Road
New Britain, CT 06053

**WebsterOnline.com**

January 29, 2009

Konrad Korzeniowski



Dear Mr. Korzeniowski,

This letter is to acknowledge the completion of your Electronic Funds Transfer claim. I regret to notify you that no adjustment will be made to your account. Our records indicate that you have used this merchant before and have had the same dollar amount taken out of your account. Please be advised, since this transaction happened on February 07, 2008, we have no recourse with Visa to dispute this charge. This matter is strictly between you and the merchant.

Should you have any questions, please contact our Customer Service Center at 1-800-325-2424, extension 45794. Please have the following information available so your inquiry can be processed quickly:

Reference number:       090101089

Sincerely,

Richard Dilg
Electronic Operations